UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE CEMENT MASONS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>INDUSTRIAL COMMERCIAL CONCRETE CONSTRUCTION, INC., et al.,<br><br>Defendants.<br><br>BOARD OF TRUSTEES OF THE LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>INDUSTRIAL COMMERCIAL CONCRETE CONSTRUCTION, INC., et al.,<br><br>Defendants. | Case Nos.: 14-cv-02064-JSC<br>14-cv-02061 JSC<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR SERVICE BY PUBLICATION**<br><br>Re: Dkt. Nos. 19 |

Plaintiffs Board of Trustees of the Cement Masons Health and Welfare Trust Fund for Northern California, et al., filed an *ex parte* motion to serve the summons and complaint on Defendants Industrial Commercial Concrete Construction, Inc. ("Industrial Concrete" or "Defendant") and Jeffrey J. Huston ("Defendant Huston") by publication. (*See* 14-CV-2064, Dkt. No. 19.) Plaintiffs Board of Trustees of the Laborers Health and Welfare Trust Fund for Northern California, et al. have also filed an *ex parte* motion to serve the summons and complaint in their

case on Defendants Industrial Concrete and Huston. (*See* 14-CV-2061, Dkt. No. 19.) The two cases have been related as they involve substantially the same parties and issues. (14-CV-2064, Dkt. No. 9.)[1] Having carefully considered Plaintiffs' submissions, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), and DENIES Plaintiffs' Motions for Service by Publication without prejudice.

## DISCUSSION

Plaintiffs seek permission to serve the Defendants—one an individual, the other a corporation—by publication rather than by other means such as personal service. Because the standard for service of process differs between individuals and corporations, the two defendants in these cases will be discussed separately.

**I.     Defendant Jeffrey J. Huston**

Under Federal Rule of Civil Procedure 4(e), service upon an individual defendant may be effected in any judicial district of the United States pursuant to the law of the state in which the district court is located or in which service is effected. *See* Fed. R. Civ. P. 4(e)(1). Service by publication is permissible under California law in certain circumstances:

> (a) A summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article and that …
>
> (1) A cause of action exists against the party upon whom service is to be made or he or she is necessary or proper party to the action.

Cal. Code Civ. Proc. § 415.50(a). The main question for the Court, therefore, is whether Defendant "cannot with reasonable diligence be served in another manner" pursuant to California law. *Id.*

In determining whether a plaintiff has exercised "reasonable diligence" for purposes of Section 415.50(a), a court must examine the affidavit required by the statute to determine whether the plaintiff "took those steps a reasonable person who truly desired to give notice would have

---

[1] Unless otherwise noted, the Court will refer to plaintiffs in both cases collectively as "Plaintiffs." And because the docket entries in both cases are identical, the Court's citations to the docket refer to the filings in both cases.

2

taken under the circumstances." *Donel, Inc. v. Badalian*, 87 Cal. App. 3d 327, 333 (1978). "The term 'reasonable diligence' . . . denotes a thorough systematic investigation and inquiry conducted in good faith by the party or his agent or attorney." *Watts v. Crawford*, 10 Cal. 4th 743, 749 n.5 (1995). Because of due process concerns, service by publication must be allowed "only as a last resort." *Donel*, 87 Cal. App. 3d at 332. The chosen method must be "reasonably certain to inform those affected . . . or, where conditions do not reasonably permit such notice, that the form chosen is not substantially less likely to bring home notice than other of the feasible and customary substitutes." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 315 (1950). "Before allowing a plaintiff to resort to service by publication, the courts necessarily require him to show exhaustive attempts to locate the defendant, for it is generally recognized that service by publication rarely results in actual notice." *Watts*, 10 Cal. 4th at 749 (internal citations omitted). That a plaintiff has taken one or a few reasonable steps does not necessarily mean that "all myriad of other avenues" have been properly exhausted to warrant service by publication. *Donel*, 87 Cal. App. 3d at 333.

Here, Plaintiffs have submitted two "Affidavits of Reasonable Diligence" from Victor Blama and Allan Mendieta, the servers in charge of service, explaining their efforts to serve the summons on Defendant Huston. (Dkt. Nos. 13, 15.) Plaintiffs have also provided a declaration from Ronald L. Richman, one of Plaintiffs' attorneys, which details his efforts to find known addresses for both Defendants. (Dkt. No. 20.)

Plaintiffs' motion states that counsel for Plaintiffs hired Nationwide Legal, LLC, a private process server, to serve summons on Defendant Huston at the residence located at 1531 N. Mitchell Canyon Road, Clayton, CA 94517. Plaintiffs obtained the address through the LexisNexis legal search database "Accurint for Legal Professionals," as well as the California Secretary of State website which lists Defendant Huston as the agent for service of process of Industrial Concrete. (Dkt. No. 20, Richman Decl. ¶¶ 4-5, Ex. B-C.) According to his affidavit, Nationwide employee Blama attempted personal service on Defendant Huston on three occasions but was unable to effect service. (Dkt. No. 13.) Blama reported that on the first attempt, on May 9, 2014, there was no answer and no activity reported on the premise. *Id*. He stated that a white

Chevy Silverado pickup truck was parked with California license plate number 13433B1. *Id.* On the second attempt the next day, there was no answer but Blama stated that "[a]ctivity and movement was felt from inside the residence." *Id.* He indicated that the truck seen previously was still in the yard. *Id.* On his third attempt the following day, Blama stated that there were no changes since the last attempt. *Id.* He reported that there was activity from inside the house, but no answer at the door. *Id.* Nationwide employee Mendieta indicated in his affidavit that he attempted service on Defendant Huston on August 21, 2014 at 1531 N. Mitchell Canyon Road, Clayton, CA 94517 and spoke with a "John Doe" who stated that "the subject and entity [was] unknown to him." (Dkt. No. 15.) Mendieta described the individual as a "white male, 5'10", late 50's, 180 lbs., brown hair, [and] brown eyes." *Id.*

Plaintiffs' showing is insufficient to support service by publication. Although Plaintiffs have demonstrated that they have taken several reasonable steps to effect service on Defendant Huston, Plaintiffs have failed to show that they "took those steps a reasonable person who truly desired to give notice would have taken under the circumstances." *Donel*, 87 Cal. App. 3d at 333. The Accurint printout lists the 1531 N. Mitchell Canyon Road address, but does not show that this is the current address for Defendant Huston. (Dkt. No. 20, Ex. B.) Similarly, the Secretary of State website search was conducted on September 19, 2014 and identifies the Mitchell Canyon Road address as belonging to Defendant Huston, but this again does not confirm whether Huston currently lives at that address. Plaintiffs state that they also conducted a white pages people search, but they do not indicate whether any phone numbers were discovered and if so, whether those phone numbers were contacted. *See Bd. of Trs. v. Debruin Constr., Inc.*, No. 12-CV-05477-JCS, 2014 WL 3362460, at *5 (N.D. Cal. June 25, 2014) (noting that "reasonable diligence" includes utilizing searches of telephone directories). Further, Plaintiffs have not exhausted all of the "likely sources of information" that "must be searched before resorting to service by publication." *See Watts*, 10 Cal. 4th 743, 749 n.5 (noting that generally sufficient "likely sources" to be searched includes: relatives, city and telephone directories, voter registries, and assessor's office property indices).

Moreover, Plaintiffs have not demonstrated that Huston "cannot with reasonable diligence

1  be served in another manner specified in [Chapter 4, Article 3 of the California Code of Civil
2  Procedure]," Cal. Code Civ. Proc. § 415.50(a)—for example, service by mail, *see id.* § 415.30.
3  Although Plaintiffs seem to have learned through process server Mendieta that Huston did not live
4  at the address that Plaintiffs learned about, "an attempt at service by mail may have been fruitful as
5  it may have resulted in obtaining a forwarding address." *Duarte v. Freeland*, No. C-05-2780-
6  EMC, 2008 WL 683427, at *3 (N.D. Cal. March 7, 2008). Also, a search of property records
7  might indicate whether Mr. Huston owned or owns the home and provide potential leads on his
8  current address.

## II.   Defendant Industrial Commercial Concrete Corporation Inc.

In the case of a corporation or other business entity, service must be effectuated in accordance with Fed. R. Civ. P. 4(h), which provides, in part, that:

> Unless federal law provides otherwise or the defendants waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
> (1) in a judicial district of the United States:
>
> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual [which permits "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made"]; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant . . . .

*Dunmore v. Dunmore*, No. 2:11-CV-2867 MCE-GGH-PS, 2012 WL 4364454, at *3 (E.D. Cal. Sept. 20, 2012); Fed. R. Civ. P. 4(h). Under California Code of Civil Procedure Section 416.10, a corporation may be served through four categories of individuals: "(1) a designated agent for service of process, (2) enumerated officers and other authorized agents of the corporation; (3) a cashier or assistant cashier of a banking corporation; and (4) where the party attempting service *cannot* with reasonable diligence serve an individual in any other category, the Secretary of State as provided by Corporations Code Section 1702." *Gibble v. Car-Lane Research, Inc.*, 67 Cal.

App. 4th 295, 303 (1998).  Under the fourth category, service "is deemed complete on the 10th day after delivery of the process to the Secretary of State."  Cal. Corp. Code § 1702(a).  Given this ability to serve the California Secretary of State after attempting personal service with reasonable diligence, it is not clear when, if ever, service by publication may be made against a corporation.  While some courts have held that Section 415.50(a)—the California statute that permits service by publication against a "party"—applies to corporations as well as individuals, those cases do not discuss the interplay between Section 415.50(a) and Section 1702.  *See Dunmore*, 2012 WL 4364454, at *4 (citing to Cal. Civ. Proc. Code § 415.50(a) and holding that "the statute permitting service by publication is not limited to individual defendants but specifically refers to a 'party'"); *see also In re Association of Volleyball Professionals*, 256 B.R. 313, 318-319 (Bankr. C.D. Cal. 2000) (holding that Cal. Civ. Proc. Code § 415.50(a) authorized service by publication on a corporate creditor).  The Court need not decide the matter for purposes of the present motion since Plaintiffs fail to demonstrate reasonable diligence, which is a prerequisite under both statutes.

      Plaintiffs attempted service on Industrial Concrete at the company's address located at 1431 Doolittle Drive, San Leandro, CA 94577 on September 12, 2014.  An Affidavit of Reasonable Diligence from Nationwide employee Logan Dorman states that a "John Doe" (Hispanic male, 50's, black hair, 5'7", 140 lbs) appeared from inside and told him that he had no knowledge of the previous tenant, and that the new tenant as of September 2nd was "Spencer Beverages."  (Dkt. No. 17.)  Dorman also reported that "[t]here was a lot of mail stacked up by the front door."  *Id.*  Further, Richman's declaration states that the address was vacated prior to May 2014, the phone number for the address is non-operational, and all correspondence to the address was returned.  (Dkt. No. 20 ¶ 6.)  Plaintiffs also attempted service on Defendant Huston, Industrial Concrete's agent for service of process and company officer, at 1531 N. Mitchell Canyon Road, Clayton, CA 94517, the address listed for him on California's Secretary of State website.  (Dkt. Nos. 13, 15, 20 ¶ 5.)  Richman also attached to his declaration two printouts concerning Industrial Concrete's business status.  (Dkt. No. 20, Ex. A, C.)  The first attachment is a printout from the California State Licenses Board indicating that the California Contractors License for Industrial Commercial is suspended.  (*Id.* at Ex. A.)  The second is a printout from the California Secretary

of State website which shows that Industrial Concrete's business status is active.  (*Id*. at Ex. C.)

While Plaintiffs have made reasonable efforts, such as attempting personal service at two addresses found for Industrial Concrete and its CEO, running internet searches including a Lexis-Nexis Accurint search, calling a listed number for the business, and attempting to mail correspondence to the 1431 Doolittle Drive business address, these efforts fall short of the diligent search required by either Section 1702 or Section 415.50(a).  First, for the reasons stated above, Plaintiffs must make further reasonable efforts to effect service on Industrial Concrete's agent for service of process and company officer, Defendant Huston.  Second, Plaintiffs have not attempted to contact any of the other addresses listed on the Accurint printout for Industrial Concrete.  *See Bell-Sparrow v. Wiltz*, No. C-12-02782-SI , 2013 WL 2146574, at *3 (N.D. Cal. May 15, 2013) (denying plaintiff's motion for service by publication when plaintiff failed to follow up on all addresses listed in a "find person" report).  For example, the second address listed for Industrial Concrete shows a Lakewood, CA address.  (Dkt. No. 20 ¶ 6, Ex. B.)  Through a Google search, the Court has been able to determine that a Manta.com profile was created by a Jeff Huston for Industrial Commercial Concrete Construction under the address 5150 E. Candlewood Street, Suite 14D, Lakewood, CA 90712.  While the Court cannot be certain that these are the same parties to the current actions or that this is a valid business address, following this lead may help locate and serve not only Industrial Commerce, but also Huston.  Finally, that Industrial Concrete's California Contractors License is suspended does not absolve Plaintiffs from the requirements of serving Industrial Concrete under Cal. Civ. Proc. Code § 416.10.  *See Gibble*, 67 Cal. App. 4th at 307-308 ("[A] 'suspended' but active domestic corporation may be validly served under the authority of section 416.10, subdivision (b). . . .").

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motions for Service by Publication are DENIED without prejudice.  Plaintiffs may re-file the motions after exhausting all other available remedies and submitting a sworn affidavit and evidence of such attached to any re-filed motion.  Any re-filed motion seeking service by publication against Industrial Concrete shall explain why service through the Secretary of State is not the more appropriate option.  The Case Management

Conference scheduled for November 20, 2014 is continued to December 18, 2014 at 1:30 p.m.

**IT IS SO ORDERED**.

Dated: November 5, 2014

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge